

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-83,074-04 & WR-83,074-05

### Ex parte MICHAEL CHARLES HILL, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### IN CAUSE NO. 26410 IN THE 196TH JUDICIAL DISTRICT COURT
### FROM HUNT COUNTY

**KELLER, P.J., filed a concurring and dissenting opinion.**

Because Applicant's claims on both convictions are barred by laches, I cannot agree with the

Court's grant of relief on the sexual assault case.[1]

The Court says that the appropriate time to apply laches because of Applicant's delay in

challenging the prior conviction would have been in the habeas proceeding for that conviction. The

Court does not explain why it comes to that conclusion, and I am aware of no previously decided

---

[1] I agree with the Court that Applicant has not been harmed by the illegal sentence in the indecency with a child case, and that is a sufficient basis for denying relief regardless of one's view on the laches issue.

case holding that. Laches is a "flexible" inquiry,[2] and anything that "places the State in a less favorable position" can result in a laches determination if the defendant has slept on his rights.[3]

Allowing a laches inquiry related to an enhanced conviction even when relief has been granted on the enhancing conviction makes sense. One reason to do so is that we typically leave it to the State or the habeas court to raise laches. The Court holds today that laches is not available in considering a subsequent conviction if relief has already been granted on a prior conviction used for enhancement. Under this new rule, we will have every reason to consider laches, regardless of whether it has been raised, before we ever grant relief on any conviction. And since a failure to raise laches forfeits the claim in all related cases, I think the State could be more likely to contest relief on the basis of laches when it might otherwise have agreed to relief in a particular case. All of this seems like a bad idea, and it is not supported by any caselaw that I am aware of.

In this case, the judgment in Applicant's aggravated sexual assault conviction—the prior conviction being used for enhancement purposes—was dated May 5, 2000. His new offenses, according to the indictments, were committed on or about August 22, 2007 (indecency) and August 22, 2008 (sexual assault), but the indictments were both filed on March 26, 2010.[4] Applicant did not appeal his 2000 conviction. Applicant had almost ten years to discover, challenge, and obtain relief on the 2000 conviction and for the State to then reprosecute it so that it would be available for enhancement. That, to me, seems to be enough time. Instead, he waited until after he was convicted

---

[2] *Ex parte Perez*, 445 S.W.3d 719, 723 (Tex. Crim. App. 2014).

[3] *Ex parte Saenz*, 491 S.W.3d 819, 825 (Tex. Crim. App. 2016); *Perez*, *supra*.

[4] With the same exact date of the year alleged, one of those dates is likely a typographical error, but in any event, both indictments include "on or about" language.

of the new offenses to try to overturn the old offense. For this type of laches inquiry, the prejudice the State suffered was not being able to use the 2000 conviction for enhancement when it might still have been possible to retry Applicant and use the conviction for that offense if Applicant had brought his claims in a timely fashion. The State has suffered prejudice on the indecency and sexual assault convictions, and because Applicant slept on his rights, laches should bar him from challenging the use of the 2000 conviction for enhancement for these two later convictions.

The fact that the State suffered prejudice on the indecency and sexual assault offenses does not mean that we should have applied laches to the 2000 conviction itself. And as long as there was no impediment to the State retrying the 2000 conviction, it was appropriate to grant relief in that case and deal with any laches issue flowing from its use for enhancement purposes in challenges to the convictions being enhanced.

Because laches should bar any challenge to the use of the 2000 conviction to enhance the sexual assault and indecency with a child convictions, we should deny relief on both cases.

I concur in the Court's decision to deny relief on the indecency with a child case, but I respectfully dissent from its decision to grant relief in the sexual assault case.

Filed: October 20, 2021

Publish